LAW OFFICES
**THE KEATING LAW FIRM, PLC**
SUITE 300, GAINEY RANCH TOWN CENTER
7702 E. DOUBLETREE RANCH ROAD
SCOTTSDALE, ARIZONA 85258
(480) 510-0250
KEVIN R. KEATING (No. 012216)
krk@keatingfirm.com
Attorney for the Walker Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>NILES S. LIPIN, Debtor. | Chapter 11<br><br>No: 2:11-bk-26500-GBN |
| In Re:<br><br>MARIE PIERRON, Debtor. | No: 2:11-bk-26502-JMM<br><br>Jointly Administered as<br>No.: 2:11-bk-26500-GBN |
| THE ESTATE OF ROBERT W. WALKER and EVE F. WALKER,<br><br>Plaintiffs,<br>v.<br><br>NILES S. LIPIN and MARIE PIERRON,<br><br>Defendants. | Adversary No. 2:11-ap-02323-GBN<br><br>**COMPLAINT**<br><br>(For Determination that Debts Owed to Walkers are Non-Dischargeable) |

NOW COME the Walkers[1] to seek a determination of this Court, in accordance with U.S.C. § 11-523(a)(2) and (6) that the debts owed to the Walkers by Debtors Niles S. Lipin and Marie Pierron in the above-captioned jointly-administered bankruptcy cases were

---

[1] In these matters in Bankruptcy Court, the Debtors have listed the Walker Creditors as "The Estate of Robert Walker and Eve Walker." Robert W. Walker and Eve F. Walker, as husband and wife, were the owners and sellers of the 1,100 acres in Pinal County that were the subject matter of the Superior Court matter in Pinal County discussed herein. The Judgments of that Court were issued in favor of "R.W. Walker and Eve F. Walker, husband and wife." In mid-2010, shortly after the Sheriff's Foreclosure Sale directed by the Superior Court took place, Robert W. Walker died and his Estate thus became one of the owners of the foreclosed property and one of the judgment creditors. Hereinafter, the Estate and Mrs. Walker will be referred to as "the Walkers."

fraudulently obtained and also were obtained through willful and malicious actions, and therefore must not be discharged. The Walkers hereby aver and allege as follows:

### **PARTIES AND JURISDICTION**

1. On Sept. 16, 2011, Debtor Niles S. Lipin ("Lipin") and Debtor Marie Pierron ("Pierron") filed voluntary Petitions for bankruptcy protection in this Court under Chapter 11 of the Bankruptcy Code. Their case numbers are listed in the caption above. Lipin and Pierron will be referred to herein also as "the Debtors."

2. On Oct. 19, 2011, the Lipin and Pierron cases were consolidated for joint administration, under the lower case number 2:11-bk-26500-GBN.

3. Plaintiffs in this adversary proceeding are The Estate of Robert W. Walker and Eve F. Walker ("the Walkers"), who are parties in interest because they are listed in the two bankruptcy cases as creditors whose claims are shown in the Debtors' schedules to be in the amount of $3,165,225.00.

4. This Court has jurisdiction over the subject matter of this adversary proceeding as a core proceeding under 28 U.S.C. § 1334 and § 157(b)(2)(I) and (J). The legal basis for the relief sought in this proceeding is 11 U.S.C. § 523(a)(2) and (6). Venue is proper in this Court in accordance with 28 U.S.C. §1408 and §1409.

### **FACTUAL ALLEGATIONS**

5. 11 U.S.C. §523(a)(2) of the Bankruptcy Code provides that any debt listed in a bankruptcy proceeding that was created by the fraud by the Debtors shall not be discharged.

6. 11 U.S.C. §523(a)(6) of the Bankruptcy Code provides that any debt listed in a bankruptcy proceeding that was created by willful and malicious actions of the Debtors shall not be discharged.

7. As will be alleged below in more detail, these Debtors' debts to the Walkers should not be discharged because these Debtors' actions of fraud and their other actions

that were also willful and malicious which caused their Debts to the Walkers to be created.

8. The Superior Court of Arizona, Pinal County (Hon. Robert Carter Olson, Judge) specifically found and adjudged in CV2004-01368 that the debts owed by these Debtors to the Walkers were obtained in the first instance via fraudulent behavior and fraudulent inducement, and said Superior Court also specifically found and adjudged that these Debtors were guilty of having acted willfully and maliciously during the course of the lawsuit in that Court, all resulting in injury and damages to the Walkers.

9. In said lawsuit in Pinal County, the Debtors' LLCs[2] asserted claims against the Walkers and the Walkers cross-claimed against those LLCs for fraud. The Walkers asserted a Third-Party Complaint against Lipin and Pierron, individually, for fraud.

10. Counts Five and Six of the Walkers' Amended Third-Party Complaint against Lipin and Pierron asserted that they had committed fraud when they falsely induced the Walkers to carry back most of the purchase price for a certain 1,100 acres of property in Pinal County. As a result of the fraud, the Walkers issued Deeds of Trust and Lipin and Pierron signed said Deeds of Trust and the Walkers agreed to the accompanying Promissory Notes, which Lipin and Pierron signed and agreed to as individual promissors and as personal guarantors.

11. Those fraud claims were litigated in CV2004-01368 and were the subjects, among other issues, of a Comprehensive Motion for Summary Judgment ("Comprehensive MSJ") by the Walkers against Lipin and Pierron and their two LLCs. After the parties briefed and argued said Comprehensive MSJ, the Superior Court granted the motion in full against Lipin and Pierron and their LLCs. Among the claims that were the subject of the

---

[2] Debtor Niles S. Lipin ("Lipin") created AWD Ranch, LLC in 2002 and it was and is a single-member LLC owned by Lipin. Debtor Marie Pierron ("Pierron") created Desert Plants Conservancy, LLC in 2002, also a single-member LLC.

Comprehensive MSJ were the Walkers' claims in said Counts Five and Six that Lipin and Pierron had provided to the Walkers in 2002 prior to the closing certain financial records and assurances, which turned out to be willfully false and fraudulent and to have improperly induced the Walkers to agree to the carry-back Deeds of Trust and Promissory Notes.

12. The Superior Court issued and filed formal Judgments against Lipin and Pierron in which Lipin's and Pierron's fraud against the Walkers was formally found, adjudged and decreed.

13. Said Judgments of said Superior Court are dated Dec. 7, 2009, Jan. 29, 2010, and May 21, 2010. These three Judgments are attached hereto as Exhibits 1, 2 and 3, respectively.

14. Said Dec. 7, 2009 Judgment (Exhibit 1) stated in its ¶12 that judgment shall be had against Lipin and Pierron on the Walkers' Counts Five and Six which were the Walkers' claims for fraud and misrepresentation. ¶13 of that Judgment stated that the specific fraud damages would be determined after a separate damages trial, and ¶14 of that Judgment ruled that the Walkers were entitled to recover their attorneys' fees for, among other claims, the Walkers' fraud claims against Lipin and Pierron.

15. The amount awarded to the Walkers in the Dec. 7, 2009 Judgment was $1,340,000.00 and that amount was subject to being reduced by whatever net amount the Sheriff's Foreclosure Sale (which was also directed in that Judgment) might yield.

16. Said Jan. 29, 2010 Judgment (Exhibit 2) ruled that the Walkers were entitled to recover the sum of $451,433.00 in attorneys' fees from Lipin and Pierron, the Walkers' entitlement to which had been adjudged and decreed in the Dec. 7, 2009 Judgment.

17. Said May 21, 2010 Judgment (Exhibit 3) ruled that the Walkers were awarded the sum of $802,423.60, from Lipin and Pierron "jointly, severally and individual-ly, as a result of the Fraud" committed by them against the Walkers. See ¶2 on page 3 of said Judgment.

18. On page 3, line 25 to Page 4, line 3 of said May 21, 2010 Judgment (Exhibit 3), the Superior Court also found, adjudged and decreed that Lipin and Pierron were guilty of having:

> "(a) brought and defended claims in this lawsuit without substantial justification, (b) brought and defended claims solely or primarily for delay and harassment, and (c) unreasonably expanded and delayed the proceedings during the past six years, all in direct violation of A.R.S. §12-349 and §12-341.01(C)."

19. The above amount of $802,423.60 was an amount, as stated in the May 21, 2010 Judgment, that included accumulated interest through the date of said Judgment. From the date of May 21, 2010 through Sept. 16, 2011, the date of the instant filing for bankruptcy protection by Lipin and Pierron, the further accumulated unpaid interest calculated at the Arizona statutory rte of 10% per annum brought the total amount of that fraud debt to $1,068,770.00. That debt accumulates daily interest when that debt is compounded as of the date of the Debtors' bankruptcy filing of Sep. 16, 2011, in the amount of $292.00 per day.

20. The additional debt incurred by Lipin and Pierron, jointly and severally, to the Walkers on account of Lipin's and Pierron's willful and malicious litigation activities which the Superior Court adjudged and decreed to be the result of their six-year-long program described above in Paragraph 18 of this Complaint, that were in direct violation of A.R.S. §12-349 and §12-341.01(C), were the sums of $13,777.46, being the taxable costs set forth in the May 21, 2010 Judgment in favor of the Walkers, and the attorneys' fees and costs in the amount of $36,323.00 that the Court of Appeals of Arizona (Division Two) awarded to the Walkers after Lipin and Pierron unsuccessfully appealed from the Judgments of the Pinal Superior Court to said Division Two. See Court of Appeals Case No. 2 CA-CV 2010-0067.

21. The Walkers are not aware of how Lipin and Pierron arrived at the figure that they state in their schedules ($3,165,225.00) in the instant matter as being the amount of their debts to the Walkers.

## COUNT ONE

### Violation of 11 U.S.C. § 523(a)(2)

22. The Walker Plaintiffs hereby repeat and reallege each of the allegations set forth above in this Complaint.

23. The Debtors wrongfully, purposely, and fraudulently induced the Walkers to lend money to said Debtors, and said fraud was found, adjudged and decreed by the Superior Court of Arizona in Pinal County to have been so committed by said Debtors, as set forth above, and to have caused damage to the Walkers.

24. The Debtors' appeal of the adverse Judgments against them was unsuccessful when the Court of Appeals (Division One) ruled unanimously to affirm the Superior Court Judgments in favor of the Walkers against the Debtors in all respects. 2 CA-CV 2010-0067, Decision dated Apr. 29, 2010.

25. The Walkers were injured and damaged by the Debtors' fraud in at least the amount of $1,069,871.00 as of the date of the commencement of the instant bankruptcy proceedings.

26. In accordance with 11 U.S.C. § 523(a)(2), the debt incurred by these Debtors' fraud and other actions as alleged above, should not be allowed by this Court to be discharged in bankruptcy, and this Court should issue a formal determination and Judgment to that effect.

## COUNT TWO

### Violation of 11 U.S.C. § 523(a)(6)

27. The Walker Plaintiffs hereby repeat and reallege each of the allegations set forth above in this Complaint.

28. The Debtors willfully, maliciously, and with the intent and effect of injuring and damaging the Walkers, proceeded in the aforementioned lawsuit in the Superior Court

. . .

of Pinal County, CV2004-01368 and, as the Superior Court found, "brought and defended claims in this lawsuit without substantial justification, . . . solely or primarily for delay and harassment, and unreasonably expanded and delayed the proceedings during the past six years, all in direct violation of A.R.S. §12-349 and §12-341.01(C)."  See Exhibit 3, page 3, line 25 to Page 4, line 3.

29. The Debtors' appeal of the adverse Judgments against them was unsuccessful when the Court of Appeals (Division One) ruled unanimously to affirm the Superior Court Judgments in favor of the Walkers against the Debtors in all respects.  2 CA-CV 2010-0067, Decision dated Apr. 29, 2010.

30. The Walkers were injured and damaged by the Debtors' said willful and malicious actions in the amount of $1,069,871.00 as of the date of the commencement of the instant bankruptcy proceedings, plus the additional amounts of $13,777.46 and $36,323.00, as stated above.

31. In accordance with 11 U.S.C. § 523(a)(6), said debt incurred by these Debtors' willful, malicious and purposely injurious actions as alleged above, should not be allowed by this Court to be discharged in bankruptcy, and this Court should issue a formal determination and judgment to that effect.

**WHEREFORE**, The Walker Plaintiffs hereby respectfully pray that this Court enter Judgment in the Walkers' favor, finding and judging

(a) that the debts by Debtors Lipin and Pierron owed to the Walkers were created by the Debtors' fraud, and by their malicious, willful and injurious actions, and shall not be discharged,

(b) that the Walkers shall have Judgment in their favor against these Debtors in the amounts set forth in Counts One and Two above, and

(c) that the Walkers shall be entitled to such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED, this ___19th___ day of December, 2011.

**THE KEATING LAW FIRM, PLC**

By: /s/ *Kevin R. Keating* (#012216)
KEVIN R. KEATING
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
krk@keatingfirm.com
Counsel for the Walkers

### CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I electronically transmitted the foregoing document to the Office of the Clerk of the U. S. Bankruptcy Court using the CM/ECF system for filing and I transmitted, electronically, a copy of the foregoing document to the following CM/ECF registrants on the service lists of this jointly administered U. S. Bankruptcy Court proceeding:

United States Trustee
Office of the U. S. Trustee
230 North First Ave., Suite 204
Phoenix, Arizona 85003
ustpregion14.px.ecf@usdoj.gov

Chris D. Barski, Esq.
Barski Drake, PLC
14500 N. Northsight Blvd., Suite 200
Scottsdale, Arizona 85260
cbarski@barskidrake.com
Counsel for the Debtors

Michael W. Berg, Esq.
Law Offices of Michael W. Berg
2320 E. Baseline Road, Suite 148, Box 459
Phoenix, Arizona 85042
mwb@mwberglaw.com
Co-Counsel for Debtors (pending)

| | |
|---|---|
| 1 | Melvin C. Cohen, Esq. |
| | Paul A. Loucks, Esq. |
| 2 | Mesch, Clark & Rothschild, P.C. |
| | 259 North Meyer Avenue |
| 3 | Tucson, Arizona 85701 |
| | ecfbk@mcraz.com |
| 4 | ploucks@mcraz.com |
| | Counsel for Creditor The Parsons Co., Inc. |
| 5 | |
| | Becky Lynn Cholewka, Esq. |
| 6 | Cholewka Law |
| | 207 N. Gilbert Road, Suite 007 |
| 7 | Gilbert, Arizona 85234 |
| | becky@gilbertlawoffice.com |
| 8 | Counsel for Creditor AWD Farms, LLC |
| 9 | Jessica Renée Kenney, Esq. |
| | McCarthy, Holthus & Levine |
| 10 | 8502 E. Via de Ventura, Suite 200 |
| | Scottsdale, Arizona 85258 |
| 11 | jkenney@mhlevine.com |
| | bknotice@mccarthyholthus.com |
| 12 | Counsel for Creditor Wells Fargo Home Mortgage |

      /s/ *Kevin R. Keating*  (#012216)
      **KEVIN R. KEATING**