LAW OFFICES
**THE KEATING LAW FIRM, PLC**
SUITE 300, GAINEY RANCH TOWN CENTER
7702 E. DOUBLETREE RANCH ROAD
SCOTTSDALE, ARIZONA 85258
(480) 510-0250
KEVIN R. KEATING (No. 012216)
krk@keatingfirm.com
Attorney for the Walker Creditors

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>NILES S. LIPIN, Debtor.<br><br>In Re:<br><br>MARIE PIERRON, Debtor.<br><br>THE ESTATE OF ROBERT W. WALKER and EVE F. WALKER,<br><br>    Plaintiffs,<br>v.<br><br>NILES S. LIPIN and MARIE PIERRON,<br><br>    Defendants. | Chapter 11<br>No: 2:11-bk-26500-GBN<br>No: 2:11-bk-26502-GBN<br>Jointly Administered as<br>No.: 2:11-bk-26500-GBN<br>Adversary No. 2:11-ap-02323-GBN<br><br>**PLAINTIFFS' STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

NOW COME the Walker Creditors/Plaintiffs[1] to submit their Statement of Facts ("SOF") in support of their Motion for Summary Judgment ("MSJ") filed today which seeks s determination by this Court that the Fraud Judgment Debt that forms the basis of the Walkers Proof of Claim #13 is Non-Dischargeable. This SOF is being filed pursuant to Rule 56.1 of the Local Rules of Civil Procedure for the Arizona Federal courts.

---

[1] In these matters in Bankruptcy Court, the Debtors have listed the Walker Creditors as (a) "The Estate of Robert Walker" and (b) "Eve Walker." Hereinafter, the Estate and Mrs. Walker will be referred to as "the Walkers" or "the Walker Creditors" or the "Plaintiffs."

The facts and documents listed and discussed below and in the accompanying MSJ are attested to by Undersigned Counsel who states that he has personal knowledge of these facts inasmuch as almost all of them are facts that transpired in the Parsons Lawsuit and in other related lawsuits and that these facts are true and correct to the best of undersigned's knowledge.

## EXHIBITS ATTACHED HERETO

In the body of the MSJ, the Walkers refer to certain Exhibits A through E, which are attached hereto, as follows:

**EXHIBIT A:** The Walkers' Second Amended Cross-Claim and Third-Party Complaint filed against Niles S. Lipin ("Lipin") and Marie Pierron ("Pierron") in the Parsons Lawsuit, CV2004-01368 in Pinal Superior Court.

**EXHIBIT B:** The Judgment of the Superior Court dated Dec. 7, 2009

**EXHIBIT C:** The Judgment of the Superior Court dated May 21, 2010.

**EXHIBIT D:** Memorandum Decision of the Arizona Court of Appeals, dated Apr. 29, 2011. Only pages 1-7 and 17-20 of that Decision are included in Exhibit D.

**EXHIBIT E:** The Decision/Order of this Court issued and filed Dec. 18, 2012.

## STATEMENTS OF FACT

1. The Walkers filed Exhibit A against Lipin and Pierron and their LLCs alleging in Counts One through Four that Lipin and Pierron had borrowed some $780,000 from the Walkers so as to purchase the Property in question. See ¶12, ¶37, ¶59, and ¶80.

2. In Count Five (often referred to as Count V) of Exhibit A, the Walkers accused Lipin and Pierron of Fraud in the inducement for the aforesaid loan of $780,000.

3. Exhibits B and C are Judgments in which the Court formally adjudicated Lipin and Pierron as Frauds and set certain damages, as discussed and explained in the MSJ.

. . .

4. Exhibit D is the Arizona Court of Appeals Decision dated Apr. 29, 2011, affirming the lower court's decisions and findings of Fraud against Lipin and Pierron.

5. Exhibit E is the Decision/Order of this Court filed on Dec. 18, 2012, in which it ruled on many of the issues and claims set forth in the MSJ herein

6. Lipin and Pierron, in these consolidated bankruptcy proceedings, frequently engaged in spurious and baseless litigation tactics, most notably their filing counterclaims against the Walkers in this adversary proceeding, and later their also spurious attempts to claim some fanciful Offsets or some Offsets based on ideas and rights that they long ago let slip through their fingers. Of course, those "slips" only occurred because they had no idea at the relevant times that they even had any such opportunities or they knew in their hearts at the time that they had no right to such relief even when they were not time barred.

7. Again, undersigned affirms and attests to the truth, based on his own person knowledge thereof, of each and every statement of fact included within the pages of the accompanying MSJ.

RESPECTFULLY SUBMITTED, this __10th__ day of June, 2016.

**THE KEATING LAW FIRM, PLC**

By: /s/ *Kevin R. Keating* (#012216)
KEVIN R. KEATING
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
krk@keatingfirm.com
Counsel for the Walkers

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically transmitted the foregoing document to the Office of the Clerk of the U. S. Bankruptcy Court using the CM/ECF system for filing and I caused to be transmitted, electronically, a copy of the foregoing document to the following CM/ECF registrants on the service lists of this jointly administered U. S. Bankruptcy Court proceeding and this Adversary Proceeding:

Chris D. Barski, Esq.
Barski Drake, PLC
14500 N. Northsight Blvd.,Suite 200
Scottsdale, Arizona 85260
cbarski@barskidrake.com
Counsel for the Debtor Lipin

Trail T. Potter, Esq.
Potter Law Firm
233 E. Southern Avenue, #23780
Tempe, Arizona 85282
potterlawaz@gmail.com
Special Counsel for Debtor Lipin

Michelle Carlton, Esq.
Michelle Carlton Law PC
233 E. Southern Avenue, #24496
michelle@michellecarltonlaw.com
Former Special Counsel for Debtor Lipin

Kelly G. Black, Esq.
1152 E. Greenway St, Suite 4
Mesa, Arizona 85203
kgb@kellygblacklaw.com
Counsel for Creditor AWD Farms, LLC

United States Trustee
Office of the U. S. Trustee
230 North First Ave., Suite 204
Phoenix, Arizona 85003
ustpregion14.px.ecf@usdoj.gov



/s/ Kevin R. Keating (#012216)
**KEVIN R. KEATING**