

*EXHIBIT  B*



09 DEC -7 PM 1:25

BY _____
DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| THE PARSONS CO., INC., | Case No: CV2004-01368 |
| Plaintiff, | |
| vs. | **PARTIAL JUDGMENT**<br>(Foreclosure & Easement) |
| AWD RANCH LLC, an Arizona limited liability company; R. W. WALKER and EVE F. WALKER, husband and wife; DESERT PLANTS CONSERVANCY, L.L.C., an Arizona limited liability company, | |
| Defendants. | (Assigned to the Hon. Robert Carter Olson) |
| ETC. | |

This matter having come on regularly for summary judgment or judgment on various claims, cross-claims, counter-claims and motions in this matter, the parties having been represented by counsel throughout this matter, and in accordance with the decisions of this Court as announced in its Minute Entries of May 5, 2005, September 10, 2008, March 9, 2009, June 16, 2009, June 23, 2009, and August 5, 2009, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that cross-defendants/cross-claimants R. W. and Eve F. Walker (hereafter the "Walkers") shall have Judgment against cross-defendants/cross-claimants AWD Ranch, LLC ("AWD"), Desert Plants

NCCF

Case 2:11-ap-02323-GBN   Doc 160-2   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit B   C   D   Page 2 of 27

Conservancy LLC ("DPC"), Niles Lipin, and Mimi Pierron (hereinafter collectively, jointly, severally, and individually referred to herein as "AWD, DPC, Mr. Lipin and Ms. Pierron") as follows:

1.    The Walkers shall have Judgment dismissing with prejudice AWD, DPC, Mr. Lipin and Ms. Pierron's Counts One, Two, Three, Four, and Five of their cross-claims against the Walkers and the Walkers shall be deemed to be the prevailing parties in each of those claims. The Court finds that there are no disputed material facts which would tend to support the claims set forth in said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms. Pierron's Response and Controverting and Separate Statements of Facts submitted to this Court on or about July 23, 2009 should be and they are fully stricken from the record, with said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

2.    The Walkers shall have Judgment granting them the full relief sought in Counts One, Two, Three and Four of the Walkers' cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron, sounding in foreclosure against AWD, DPC, Mr. Lipin and Ms. Pierron, and such Judgment shall be enforced jointly and severally against each said cross-defendant, and the Walkers shall be deemed to be the prevailing parties in each of those claims. The Court finds that there are no disputed material facts which would tend to support the defenses alleged by AWD, DPC, Mr. Lipin and Ms. Pierron against said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms. Pierron's Response and Controverting and Separate Statements of Facts submitted to this Court on or about July 23, 2009 should be and they are fully stricken from the record, with said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

3.    The Walkers shall have Judgment in their favor and against AWD, DPC, Mr. Lipin and Ms. Pierron, and each of them, jointly and severally, in the amount of $1,340,000.00 that being the sum of the unpaid principal, overdue interest, and accumulated

late fees owed as of November 2, 2009 as demonstrated in the unopposed presentation of such sums to the Court relative to the Court's grant of summary judgment on Counts One, Two, Three and Four of the Walker's foreclosure cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron. The specific amounts of other damages suffered by the Walkers as a result of other claims brought by the Walkers against AWD, DPC, Mr. Lipin and Ms. Pierron which claims have been determined by the Court in the Walkers' favor on summary judgment shall be found and assessed in separate proceedings after this Judgment is entered.

4. The foregoing indebtedness is secured by the Walker's four Deeds of Trust which Deeds of Trust constitute an equitable lien upon AWD, DPC, Mr. Lipin and Ms. Pierron's title to the four parcels of real property described in Exhibit A (hereinafter, the "Property" or the "Walker Property") attached hereto as part of this Judgment, and AWD, DPC, Mr. Lipin and Ms. Pierron, and each of them, as well as any related or affiliated persons or entities, and any and all persons claiming by, through, or under them, or any of them, are foreclosed of and forever barred of and from all right, title, claim, estate, interest or lien on, in, or to the Walker Property described in Exhibit A, subject to the statutory right of redemption.

5. The four Deeds of Trust recorded on September 25, 2002, are:

(a) Fee Number 2002-051893 of the Official Records of Pinal County Recorder Laura Dean-Lytle (the corrected legal description for which was recorded on December 31, 2003 at Fee Number 2003-090937 of the Official Records of Pinal County Recorder Laura Dean-Lytle),

(b) Fee Number 2002-051899 of the Official Records of Pinal County Recorder Laura Dean-Lytle,

(c) Fee Number 2002-051895 of the Official Records of Pinal County Recorder Laura Dean-Lytle, and

(d) Fee Number 2002-051901 of the Official Records of Pinal County Recorder Laura Dean-Lytle (the corrected legal description for which was recorded on December 31, 2003 at Fee Number 2003-090938 of the Official Records of Pinal County Recorder Laura Dean-Lytle).

3

The four Deeds of Trust recorded on September 25, 2002, shall be and they hereby are foreclosed and a special execution shall be issued by the Sheriff of Pinal County directing him to seize and sell the Property described in Exhibit A under execution in satisfaction of this Judgment, and to issue a Sheriff's Deed to the subject property after the exhaustion of the statutory redemption period of 180 days, and that the proceeds of said sale be applied as follows, and in the following order, to wit:

**First:** To payment of costs and expenses of said Foreclosure Sale and the Sheriff's fees in connection therewith,

**Second:** To payment of the Walkers' court costs, attorneys' fees, experts' fees and litigation expenses incurred herein prior to said sale, which the Court may later attribute to this foreclosure action, plus advances for real property taxes, insurance premiums, property inspections and all property preservation and security costs and expenses,

**Third:** To payment of the principal sum unpaid on the Promissory Notes and Deeds of Trust on these parcels of this Property, plus unpaid interest incurred thereon, unpaid late fees incurred thereon, calculated from the date of default until the date of said Sheriff's Foreclosure Sale, and

**Fourth:** If the proceeds from said Sheriff's Foreclosure Sale be more than sufficient to satisfy said sums herein adjudged to be due the Walkers, then to payment of any such excess amount over to the Clerk of this Superior Court, to await further notice of this Court.

6. At such Sheriff's Foreclosure Sale, the Walkers may become a purchaser of said Property, but this Judgment shall not constitute an Order of possession.

7. Cross-Defendants AWD, DPC, Ms. Lipin and Ms. Pierron, and each of them, as well as any persons claiming under them, and all persons claiming to have acquired any estate or interest in said premises subsequent to the recording of said Deeds of Trust on September 25, 2002 and the filing in this instant action and the recording on September 14, 2005 of the

Notice of Lis Pendens as Fee Number 2005-121801 of the Official Records of Pinal County Recorder Laura Dean-Lytle, be and they are hereby foreclosed of all right, title claim, or interest in and to said encumbered Property, except as to the right of redemption granted by applicable laws of the State of Arizona.

8. The damages alleged by the Walkers to have been incurred by them by way of a deficiency amount and the damages incurred as a result of AWD, DPC, Mr. Lipin and Ms. Pierron's actions in defaulting on the Promissory Notes and Deeds of Trust alleged in said Counts One, Two, Three and Four of the Walkers' cross-claims shall be tried and determined in a separate hearing and trial of this Court to be conducted in the near future as determined by the Court, notwithstanding the judgment stated in Paragraph 3.

9. The period of redemption of AWD, DPC, Mr. Lipin, and/or Ms. Pierron and their successors in interest, and all of them, shall be 180 days after the date of the Sheriff's Foreclosure Sale, in accordance with A.R.S. § 12-1282(B).

10. The Sheriff of Pinal County shall make due return of this special execution and order of Sheriff's Foreclosure Sale.

11. Pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, this Judgment and Decree of Foreclosure shall be entered forthwith and docketed herein without the furnishing of any bond by the Walkers or by The Parsons Co., Inc. or the appointment of any attorney for any of AWD, DPC, Mr. Lipin or Ms. Pierron.

12. The Walkers shall have Judgment against AWD, DPC, Mr. Lipin and Ms. Pierron and each of them granting the Walkers' claims in Counts Five and Six of their cross-claims in this matter. The Court finds that there are no disputed material facts which would tend to support AWD, DPC, Mr. Lipin or Ms. Pierron's alleged defenses to said claims set forth in said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms. Pierron's Response and Controverting and Separate Statements of Facts submitted to this Court on or about July 23, 2009 should be and they are fully stricken from the record, with

5

said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

13.     The damages alleged by the Walkers to have been incurred by them as a result of AWD, DPC, Mr. Lipin and Ms. Pierron's actions alleged in said Counts Five and Six of the Walkers' cross-claims shall be tried and determined in a separate hearing and trial of this Court to be conducted in the near future as determined by the Court.

14.     The Walkers shall have Judgment against AWD, DPC, Mr. Lipin and Ms. Pierron and each of them awarding the Walkers attorneys' fees in connection with their being (a) the prevailing parties in each of Counts One, Two, Three, Four and Five of AWD, DPC, Mr. Lipin and Ms. Pierron's cross-claims against the Walkers and (b) the prevailing parties in Counts One, Two, Three, Four, Five and Six of the Walkers' cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron and each of them, each of those claims being deemed to have arisen out of contract, with the amount of such award of attorneys' fees to be determined by the Court after separate briefing and/or hearing, with said award to be issued in a separate Judgment pursuant to Rule 54(b) of the Ariz. R. Civ. Pro.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither the Court nor the parties intend, by this Judgment, to in any way affect, negatively or positively, the claims of Loraine Kesselring to an easement, as stated in civil action CV 2009-03687 or otherwise, and nothing herein shall be deemed an acknowledgment or admission with respect to that claim or as a limitation on any party's testimony in the Kesselring lawsuit.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that defendants/counterclaimants AWD and DPC shall have Judgment against plaintiffs/ counterdefendants The Parsons Co. Inc. as follows:

This Court finds that on or about November 18, 2004, Parsons Company, Inc. ("Parsons") filed its original complaint in this matter. Count I of the November 18, 2004 complaint alleged an easement by necessity and/or implication; Count II asserted a claim for

a quiet title pursuant to the deed of easement as well as the sales agreement; Count III alleged

a claim for a permanent injunction based upon plaintiff's rights under the deed of easement as

well as the sales agreement; and Count IV alleges breach of contract against the defendants

Walker.

This Court finds, with respect to AWD and DPC's Motion for Summary Judgment,

ruled on by minute entry of May 5, 2005, that there are no genuine issues of material fact

preventing an award of summary judgment, as follows:

1. AWD and DPC have and they are hereby granted judgment against Parsons on Counts I, II, and III of Parsons' Complaint, with respect to the purchase agreement's purported easement only, but not with respect to the recorded easement that this Court considered on September 10, 2008. (This Court expressly rejects but memorializes the interpretation by AWD, DPC, Mr. Lipin and Ms. Pierron that the 2005 Summary Judgment, as the law of the case, precluded this Court's later summary judgment on September 10, 2008, and this argument is not waived by counsel assisting the Court in drafting this Judgment.)

2. AWD and DPC are granted judgment against Parsons on Count One of their Counterclaim quieting title in AWD and DPC in the real property described in Exhibits A attached hereto and forever barring and estopping Parsons, and those claiming under and through it, from having and claiming any right, title and interest in and to such real property except under the Deed of Easement dated March 31, 1998 and recorded April 3, 1998 in the records of Pinal County, Arizona at fee number 1998-012786;

3. As to Count Three of the Counterclaim, Parsons is permanently enjoined from making any use of the property of AWD and DPC, as Described in Exhibit A, not permitted under the Deed of Easement dated March 31, 1998 and recorded April 3, 1998 in the records of Pinal County, Arizona at fee number 1998-012786; and

4. Count Four of the Counterclaim has been withdrawn by stipulation and is hereby dismissed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Deed of

Easement dated March 31, 1998 and recorded April 3, 1998 as Fee Number 1998-012786 of

the Official Records of Pinal County Recorder Laura Dean-Lytle (the "Deed of Easement") is

a valid easement and grants Parsons the right to use said Easement for ingress and egress to

7

the property Parsons owns in fee lying within Section 20, Township 8 South, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona (the "Stockpond"). The Court further finds that there is no just reason for delay and the clerk is directed to forthwith enter the following judgment:

1. The Easement is a valid easement that shall run with the land and shall be for the benefit and use of Parsons and its successors and assigns; such that judgment be entered in favor of Parsons and against AWD and DPC, quieting title in favor of Parsons pursuant to the language and recording of the Deed of Easement, and AWD and DPC are permanently enjoined from obstructing Parsons' rights under the Deed of easement;

2. The Easement is adequately described as a matter of law as to what has been described as the road and three trails, more particularly shown on the map attached hereto as Exhibit B;[1]

3. The Easement does include use by cattle;

4. The determination as to the width of the Easement is reserved for a later time;

5. The subject land is not a no fence district; and

6. AWD and DPC have the right, but not the obligation, to fence the cattle out of AWD and DPC's land, except that they may not fence the cattle or anyone else out of the Easement.

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court has jurisdiction over the issues of the rights and priorities of claims to water. All water rights issues shall be bifurcated and tried separately from the other issues in this case.

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that AWD, DPC, Mr. Lipin and Ms. Pierron's motion to dismiss Counts VII through IX of Parsons' Second Complaint is denied, except that (1) Parsons' claim is limited to the beneficial interest in the stockpond, which does not exceed 1,095,000 gallons per annum with a capacity of not

---

[1] The easement is further identified in Exhibit C, a legal description that was attached to a lodged form of judgment, and to which no timely objection was received. Exhibit C is illustrative to identify the center line of the easement, however, not the width.

more than 1.14 acre feet; and (2) any enforcement of that right in this Court is subject to any subsequent determination of a right or priority in general adjudication.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the motion by AWD and DPC to disqualify Parsons' expert witness, John Wallace and J. E. Fuller, and Parsons' counsel is denied and the Court awards attorneys fees against AWD and DPC, and each of them, in the amount of seven thousand five hundred ($7,500.00) Dollars.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Parsons shall have Judgment against AWD, DPC, Mr. Lipin and Ms. Pierron, and each of them, in the amount three thousand four hundred ($3,400.00) Dollars, as a sanction against them in favor of Parsons, in connection with the Court's finding of March 9, 2009 of contempt of Court by AWD, DPC, Mr. Lipin and Ms. Pierron relative to their non-production of certain income tax returns and lack of candor with the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** awarding parties attorney fees on matters in which each is herein the prevailing party, as permitted by law, in such an amount to be determined by the Court after separate briefing or hearing, with said awards to be issued in a separate Judgment, pursuant to Rule 54(b), Ariz.R.Civ.P.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there is no just reason for delay and entry of this final Judgment is hereby directed, and this is a final judgment, pursuant to Rule 54(b), Ariz.R.Civ.P.

**DONE IN OPEN COURT,** this 7th day of December, 2009.

ROBERT CARTER OLSON
JUDGE OF THE SUPERIOR COURT

9



EXHIBIT C

FILED IN COU.

Date  5/21/10
Time  2:50
       Kristi Youtsey Ruiz, Clerk
By  CP
       Deputy Clerk

1

THE KEATING LAW FIRM, PLC
*Law Offices*

Kierland Corporate Center, Suite 250
7047 E. Greenway Parkway
Scottsdale, Arizona 85254
(480) 951-1300

Kevin R. Keating (No. 012216)
krk@keatingfirm.com
Attorney for the Walkers

LODGED
DATE:  5/17/10
TIME:  12722
KRISTI YOUTSEY RUIZ
CLERK OF THE SUPERIOR COURT
BY  *we*
       DEPUTY

2

3

4

5

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                 IN AND FOR THE COUNTY OF PINAL

8   THE PARSONS CO., INC.,                )        Case No: CV 2004-01368
                                          )
9                      Plaintiff,          )
                                          )        [Proposed]
10  vs.                                    )
                                          )        JUDGMENT FOR THE
11  AWD RANCH LLC, an Arizona limited     )        DEFICIENCY AMOUNT,
    liability company; R. W. WALKER and   )        FRAUD DAMAGES,
12  EVE F. WALKER, husband and wife;      )        AND ATTORNEYS' FEES,
    DESERT PLANTS CONSERVANCY, L.L.C.,    )        & COSTS.
13  an Arizona limited liability company, )        (Revised on 5-14-10)
                                          )
14                     Defendants.         )
                                          )        (Assigned to the
15  ──────────────────────────────        )        Hon. Robert Carter Olson)
                                          )
         ETC.                             )
16                                         )

17        In accordance with the decisions of this Court as announced in its signed Verdict of

18  April 13, 2010 after the Trial to the Court on April 12, 2010, taking into consideration the

19  prior Partial Judgment of this Court dated December 7, 2009 and the Judgment for Attorneys'

20  Fees dated January 29, 2010, finding that this Court has jurisdiction over the parties and the

21  subject matter, and good cause appearing,

22        WHEREAS, this Judgment covers (a) the deficiency amount that was decreed to be

23  awarded to cross-claimants R. W. and Eve F. Walker (hereinafter the "Walkers") against

24  cross-defendants AWD Ranch, LLC, Desert Plants Conservancy LLC, Niles Lipin, and Mimi

25  Pierron, jointly, severally, and individually, (hereinafter collectively, jointly, severally, and

26  individually referred to herein as "AWD/DPC/Lipin/Pierron") in said Partial Judgment,

1  though the exact amount of said deficiency award had to await the actual Sheriff's

2  Foreclosure Sale (which was finally conducted on April 29, 2010), (b) the amount of

3  damages to be awarded to the Walkers against AWD/DPC/Lipin/Pierron as a result of the

4  Fraud and Negligent Misrepresentation found by this Court in said Partial Judgment to have

5  been committed against the Walkers, and (c) the amount of attorneys' fees to be awarded to

6  the Walkers as a result of AWD/DPC/Lipin/Pierron's violations of A.R.S. § 12-349 and §

7  12-341.01(c); and

8  **WHEREAS**, this Court notes that all the parties to this action waived any rights to a

9  jury trial and AWD/DPC/Lipin/Pierron waived their right to appear at the trial conducted on

10  April 12, 2010;

11  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that cross-claimants

12  R. W. and Eve F. Walker (hereafter the "Walkers") shall have Judgment against cross-

13  defendants AWD Ranch, LLC, Desert Plants Conservancy LLC, Niles Lipin, and Mimi

14  Pierron (hereinafter collectively as "AWD/DPC/Lipin/Pierron") jointly, severally and

15  individually, as follows:

16  1.  The Walkers shall have Judgment awarding damages to the Walkers against

17  AWD/DPC/Lipin/Pierron, jointly, severally and individually, as and for the Deficiency

18  Award pursuant to page 5, lines 5-10 of the Partial Judgment of this Court dated December 7,

19  2009, in the amount of *$771,444.60*, which sum is calculated as the *difference* in the amount

20  of *$1,871,444.60* and the auction price tendered by way of the Walker's Credit Bid at the

21  Sheriff's Foreclosure Sale on April 29, 2010, that is, *$1,100,000.00*.

22  Said sum of $1,871,444.60 consists of:

23       (a)  the Partial Judgment dated December 7, 2009 *($1,340,000.00)*,

24       (b)  plus the accumulated interest on the Partial Judgment amount from

25  November 2, 2009 to the date of the Sheriff's Foreclosure Sale of April 29, 2010 which was

26  mandated by the terms of the Partial Judgment dated December 7, 2009 *($65,750.00)*,

-2-

1   (c)  plus the amount of the Sheriff's fees and attendant expenses incurred by

2   the Walkers for noticing and conducting the Sheriff's Foreclosure sale *($2,976.60)*,

3   (d)  plus the amount of attorneys' fees awarded to the Walkers in said Partial

4   Judgment and quantified in the Judgment on Attorneys' Fees dated January 29, 2010

5   *($451,433.00)*,

6   (e)  plus the accumulated interest on the amount of said Judgment on

7   Attorneys' Fees sum from January 29, 2010, to April 29, 2010 *($11,285.00)*.

8   2.  The Walkers shall have Judgment awarding damages to the Walkers against

9   AWD/DPC/Lipin/Pierron for the Fraud and Negligent Misrepresentation committed by

10  AWD/DPC/Lipin/Pierron as pled by the Walkers in Counts Five and Six of their cross-

11  claims, the liability for which claims was determined and adjudged in said Partial Judgment

12  of this Court, in favor of the Walkers against AWD/DPC/Lipin/Pierron in the amounts of:

13  (a)  *$771,621.60*, that being the amount calculated as in subsection 1 above;

14  and

15  (b)  $ 20,802.00     , that being the amount of the additional damages

16  awarded by this Court in its April 13, 2010 Verdict and calculated on May 21, 2010, in

17  accordance with the Walkers' supplemental fee application dated May 7, 2010, that sum

18  being awarded to the Walkers against AWD/DPC/Lipin/Pierron, jointly, severally and

19  individually, as a result of the Fraud and Negligent Misrepresentation committed by

20  AWD/DPC/Lipin/Pierron against the Walkers as pled in the Walkers' cross-claims against

21  AWD/DPC/Lipin/Pierron;

22  **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the

23  principal amounts recited above of $451,433.00 and $ 20,802.00   , are determined to be the

24  amount of the reasonable attorneys' fees that are awarded to the Walkers against

25  AWD/DPC/Lipin/Pierron for AWD/DPC/Lipin/Pierron's having (a) brought and defended

26  claims in this lawsuit without substantial justification, (b) brought and defended claims solely

1 or primarily for delay or harassment and (c) unreasonably expanded and delayed the

2 proceedings during the past six years, all in direct violation of A.R.S. § 12-349 and § 12-

3 341.01(C);

4     **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the

5 amounts of damages recited above are not duplicative of the damages recited or awarded in

6 the Partial Judgment dated December 7, 2009 or in the Judgment for Attorneys' Fees dated

7 January 29, 2010, but are the same amount on an independent legal basis in tort; and

8     **IT IS HEREBY FURTHER ORDERED AND DECREED** that this Court retains

9 jurisdiction of this matter to enforce the relief awarded in this Judgment.

10 IT IS FURTHER ORDERED awarding "Walkers" costs in the amount of $13,777.46, against Antle/APC/Lippin/Pierson.

11     **DONE IN OPEN COURT,** this ___21st___ day of ___May___, 2010.

15 ROBERT CARTER OLSON
JUDGE OF THE SUPERIOR COURT



EXHIBIT  D

NOTICE: THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND
MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.
*See* Ariz. R. Supreme Court 111(c); ARCAP 28(c); Ariz. R. Crim. P. 31.24.

FILED BY CLERK

APR 29 2011

COURT OF APPEALS
DIVISION TWO

# IN THE COURT OF APPEALS
## STATE OF ARIZONA
### DIVISION TWO

| | |
|---|---|
| THE PARSONS CO., INC., ) | |
| ) | |
| Plaintiff/Counterdefendant/ ) | 2 CA-CV 2010-0067 |
| Appellee, ) | DEPARTMENT B |
| ) | |
| v. ) | MEMORANDUM DECISION |
| ) | Not for Publication |
| DESERT PLANTS CONSERVANCY, LLC; ) | Rule 28, Rules of Civil |
| AWD RANCH, LLC; NILES LIPIN; and ) | Appellate Procedure |
| MIMI PIERRON, ) | |
| ) | |
| Defendants/Counterclaimants/ ) | |
| Cross-Claimants/Cross-Defendants/ ) | |
| Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| R.W. WALKER and EVE F. WALKER, ) | |
| ) | |
| Defendants/Counterclaimants/ ) | |
| Cross-Claimants/Cross-Defendants/ ) | |
| Appellees. ) | |
| ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200401368

Honorable Robert Carter Olson, Judge

AFFIRMED IN PART; DISMISSED IN PART

Mesch, Clark & Rothschild, P.C.
  By Melvin C. Cohen, Scott H. Gan,
    and Paul A. Loucks
Tucson
Attorneys for Plaintiff/
Counterdefendant/Appellee

Law Office of Richard L. Strohm
  By Richard L. Strohm
Phoenix
Attorney for Defendants/
Counterclaimants/Cross-Claimants/
Cross-Defendants/Appellants

The Keating Law Firm, PLC
  By Kevin R. Keating
Scottsdale
Attorney for Defendants/
Counterclaimants/Cross-Claimants/
Cross-Defendants/Appellees

---

V Á S Q U E Z, Presiding Judge.

¶1        Appellants Desert Plant Conservancy, LLC; AWD Ranch, LLC; and Niles

Lipin and Mimi Pierron (collectively, DPC) appeal from the trial court's grant of partial

summary judgment against them and in favor of appellee The Parsons Co., Inc. (Parsons),

quieting title in Parsons to an easement over DPC's property.  DPC also challenges the

court's denial of its motion for a new trial, filed pursuant to Rule 59(a)(4), Ariz. R. Civ.

P., that sought to vacate the partial summary judgment ruling.  On appeal, DPC contends

there were material issues of fact sufficient to withstand summary judgment and the court

committed errors of law.  DPC also argues the court abused its discretion when it denied

DPC's motion for a new trial and bifurcated the trials on the easement-related issues from

the water-rights issues.

2

¶2        DPC also appeals the trial court's orders granting two motions for summary judgment in favor of appellees R.W. Walker and Eve F. Walker (the Walkers). DPC argues the court erred in dismissing its claims against the Walkers for fraud and negligent misrepresentation after finding them time barred and abused its discretion in striking DPC's statement of facts as a sanction under Rule 11, Ariz. R. Civ. P. DPC also challenges the court's summary judgment against it on its claims of breach of warranty and breach of contract and in favor of the Walkers on their counterclaims for negligent misrepresentation and fraud, asserting there existed disputed issues of material fact.

¶3        For the reasons stated below, we dismiss DPC's appeal as to the partial summary judgment in favor of Parsons and the trial court's denial of DPC's motion for a new trial because we lack jurisdiction, and affirm the court's judgment in favor of the Walkers.

### Factual and Procedural Background

¶4        On appeal from a summary judgment, "we view the facts and all reasonable inferences from them in the light most favorable to the nonmoving party." *Aranda v. Cardenas*, 215 Ariz. 210, ¶ 2, 159 P.3d 76, 78 (App. 2007). In 1998, Parsons purchased a parcel of land in Pinal County from the Walkers for use in Parsons' cattle operations. Because the parcel lacked water, Parsons also purchased from the Walkers a twenty-acre parcel upon which a stock pond was located. The twenty-acre parcel was surrounded by land retained by the Walkers (Sections 20 and 30). To provide access to the stock pond, the Walkers granted an easement to Parsons pursuant to a Deed of Easement.

3

¶5     The easement consisted of a road and several trails that ran through Sections 20 and 30. In 2002, the Walkers sold Sections 20 and 30 to DPC as four separate parcels. DPC intended to use the property for commercial farming operations and for breeding and training small animals. Shortly after purchasing Sections 20 and 30, DPC began erecting fences along the property line. Parsons immediately notified DPC that Parsons was entitled to run cattle across DPC's property to access the stock pond on Parsons' twenty-acre parcel.

¶6     In November 2004, Parsons filed a lawsuit against DPC asserting claims of easement by necessity and implication, seeking to quiet title to the easement, and for a permanent injunction prohibiting DPC from interfering with the easement. DPC filed a counterclaim in which it sought to quiet title to its property free from Parsons' claimed easement, a declaratory judgment, and an injunction. DPC also filed a cross-claim against the Walkers, alleging that Parsons' claims, if proven, constituted a breach of warranty by the Walkers under the DPC/Walker purchase agreement. DPC later amended its cross-claim against the Walkers to include counts for breach of contract, fraud, consumer fraud, and negligent misrepresentation, claiming the Walkers, prior to the closing of escrow, had failed to disclose that Parsons would be running cattle to the stock pond across DPC's property.

¶7     In December 2004, DPC moved for summary judgment on all counts alleged in Parsons' complaint and on all of its claims against Parsons. The trial court granted partial summary judgment in favor of DPC on some of Parsons' claims against

4

DPC, finding there was neither an easement by implication under the Walker/Parsons 1998 Purchase Agreement, nor did Parsons have an easement by necessity.

¶8         In July 2008, Parsons moved for summary judgment against DPC, this time requesting the trial court to determine Parsons' rights pursuant to the Deed of Easement. In September 2008, the court granted summary judgment in Parsons' favor, finding as a matter of law that the easement was described adequately in the Deed of Easement and that the easement permitted running cattle. The court further found that DPC's right to fence its land did not allow it to fence the cattle out of the easement. The court made no determination as to the width of the easement, expressly reserving that determination for a later date.

¶9         Meanwhile, DPC defaulted on its payments to the Walkers under the promissory notes secured by deeds of trust on the four parcels comprising Sections 20 and 30. The Walkers then filed a third-party counterclaim against DPC alleging separate counts of foreclosure under the four Deeds of Trust. The Walkers sought judgment for unpaid and past-due amounts on the notes and a judgment of foreclosure on the deeds of trust. They later amended their third-party complaint to include counts of fraud and negligent misrepresentation, alleging that DPC had made fraudulent representations in its financial statements, inducing the Walkers to convey the property to it.

¶10        The Walkers subsequently moved for summary judgment on all of their counterclaims and on the claims alleged by DPC in its original and amended cross-complaint. In March 2009, the trial court granted summary judgment in favor of the Walkers on DPC's negligent misrepresentation and fraud counts, finding the claims time

5

barred by the statutes of limitation. Then, in August 2009, finding no issues of material fact, the court granted the Walkers' motion for summary judgment on the remaining claims.

¶11      On December 7, 2009, the trial court signed a partial judgment memorializing its rulings on all four summary judgments, two in favor of Parsons and two in favor of the Walkers. The court found there was "no just reason for delay" and certified the judgment as final pursuant to Rule 54(b), Ariz. R. Civ. P. However, the court reserved ruling on the issue of the easement's width (as to Parsons) and the issues of fraud damages and the deficiency amount (as to the Walkers) for a later determination. After a bench trial on these issues on April 12, 2010, the court entered two final judgments.[1] DPC did not appeal these judgments, but instead filed a Rule 60(c) motion which, apparently, is still pending.

---

[1] DPC asks us to strike the documents contained in the Walkers' Appendix A, including the final judgment on the Walkers' fraud damages, and Parsons' supplement to the record of final judgment on Parsons' easement and damages claims. We grant DPC's motion and do not consider the substance of the final judgments. We may, however, take judicial notice that a final judgment has been entered post-appeal and that post-judgment motions have been filed, without considering the merits of either the judgment or the motions. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 157 Ariz. 461, 468, 759 P.2d 607, 614 (1988) (courts may take notice that judgment rendered and record exists). DPC also asks us to strike Parsons' and the Walkers' references made in their answering briefs related to the pending motion pursuant to Rule 60(c), Ariz. R. Civ. P., and to any factual assertions that were not before the trial court at the time it ruled on the motions for summary judgment. DPC's Rule 60(c) motion was filed after DPC filed its notice of appeal, and we therefore do not consider it. We also do not consider any facts referred to in the parties' briefs that were not available to the trial court when it addressed the motions for summary judgment. *See Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 292, 877 P.2d 1345, 1348 (App. 1994) (our review limited to record before trial court at time it considered motion). DPC's motion is granted.

6

¶12     Meanwhile, in January 2010 DPC moved for a new trial pursuant to Rule 59(a), Ariz. R. Civ. P., arguing Parsons had committed fraud in obtaining certification for the stock pond and seeking to vacate the September 2008 summary judgment ruling. Several months before it filed the motion, DPC had obtained a report from one of its experts regarding the process for the certification of Parsons' stock pond with the Arizona Department of Water Resources. The report stated the stock pond located on the twenty-acre parcel was built recently and therefore did not qualify for the type of certification obtained by the Walkers and Parsons in 1998. DPC argued that because the stock pond certification was illegal, Parsons was prohibited from running cattle to the illegally certified water and, therefore, was not entitled to an easement. The trial court denied DPC's motion for a new trial by minute entry. DPC timely appealed from the entry of the December 7, 2009 partial judgment and from the court's denial of its motion for a new trial.[2]

## Discussion

### I. DPC v. Parsons - Jurisdiction

¶13     As a preliminary matter, we address Parsons' contention that we lack appellate jurisdiction to address the partial summary judgment in favor of Parsons on the easement-related issues. "This court may not address an issue or provide relief if it lacks

---

[2]Notably, DPC's motion for a new trial, filed January 25, 2010, challenging the December 7, 2009 partial judgment was untimely in any event. *See* Ariz. R. Civ. P. 59(d) ("A motion for new trial shall be filed not later than 15 days after entry of the judgment."). However, because no party objected to DPC's motion on timeliness grounds below and because the trial court addressed DPC's motion on the merits, we address DPC's argument pertaining to its motion for new trial.

Case 2:11-ap-02323-GBN    Doc 160-2    Filed 06/10/16    Entered 06/10/16 23:00:47
Desc Exhibit B    C    D    Page 23 of 27

THE COURT: . . . Are you conceding that there was the intention to create an easement but just being interpreted too broadly because it is resulting in free grazing over [DPC's property] and it is not disputed that there is an easement for cattle?

MR. BUMSTEAD: Correct, Your Honor. . . . We are not disputing that . . . . What we are disputing is the location of the easement.

DPC's counsel's statement constituted a judicial admission and supported the trial court's ruling on the subsequent motion for summary judgment. *See Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 439, 943 P.2d 793, 799 (App. 1997) (judicial admission is admission of alleged fact party later cannot disprove).

¶29    Because the evidence established DPC knew about Parsons' use of the easement prior to the closing of escrow on the transaction with the Walkers,[12] the trial court did not err in granting summary judgment in the Walkers' favor on DPC's claims of breach of contract and breach of warranty.[13]

---

[12]And because we find there were no issues of material fact as to whether the Walkers breached the warranty and contract with DPC, we need not discuss further DPC's argument that it had presented enough evidence on damages to survive summary judgment as a matter of law.

[13]DPC claims in the heading to this argument in its brief that "the Walkers' foreclosure claim [is] not subject to summary judgment." In the following argument, however, DPC simply asserts in a conclusory manner that because the Walkers concealed Parsons' intentions with respect to the easement and their allegedly fraudulent stock pond certification, "they have no basis for foreclosure or are subject to a 100% offset." Because DPC does not develop this argument or support it with any authority, we do not address it further. *See Schabel*, 186 Ariz. at 167, 920 P.2d at 47 ("Issues not clearly raised and argued in a party's appellate brief are waived."); *see also* Ariz. R. Civ. App. P. 13(a)(6) (requiring appellant to develop argument in opening brief for each contention raised).

17

## C. The Walkers' Claims of Fraud-in-the-Inducement and Negligent Misrepresentation

¶30      Finally, DPC argues the trial court erred in granting summary judgment in favor of the Walkers on their counterclaims for fraud-in-the-inducement and negligent misrepresentation, because there was a disputed issue as to the proximate cause of the Walkers' injury. The Walkers argued they were entitled to summary judgment because there was no dispute that Lipin and Pierron, personal guarantors on the four promissory notes DPC had executed, produced false financial assurances inducing the Walkers to rely on such assurances to their detriment. DPC contends, as it did below, that its undisputed failure to provide the Walkers accurate financial disclosures was not the cause of DPC's default on the purchase agreement. Rather, DPC maintains, its decision to withhold payment from the Walkers was in response to the Walkers' fraudulent conduct and breach of the purchase agreement.

¶31      Consistent with our previous conclusions, we find no merit to DPC's argument. The trial court properly concluded there was no genuine issue of material fact as to whether the Walkers had breached the contract or committed fraud. And DPC admitted that it willingly had withheld payment, resulting in its default on the promissory notes. Accordingly, there was no issue of material fact as to the nature of the Walkers' damages. *See CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, ¶ 19, 7 P.3d 979, 984 (App. 2000) (this court will uphold grant of summary judgment if

18

correct for any reason). We therefore find the court did not err when it granted summary judgment in favor of the Walkers on their fraud and negligent misrepresentation claims.[14]

## III. Attorney Fees on Appeal

¶32     The Walkers have requested an award of attorney fees on appeal pursuant to A.R.S. § 12-341 and § 12-341.01. Because the Walkers have prevailed, and in the exercise of our discretion, we award them their reasonable attorney fees and costs, upon compliance with Rule 21(c), Ariz. R. Civ. App. P.

¶33     Parsons also requests an award of fees, but as a sanction against DPC for filing a frivolous appeal, pursuant to Rule 25, Ariz. R. Civ. App. P. Rule 25 allows us to "impose upon the offending attorneys or parties such reasonable penalties or damages," "[w]here the appeal is frivolous or taken solely for the purpose of delay." An appeal is frivolous when either (1) it is prosecuted for an improper purpose, or (2) any reasonable attorney would agree that the appeal is without merit. *Price v. Price*, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App. 1982). Our determination under Rule 25, however, does not depend on the outcome of the appeal or the novelty of the issues raised. *See Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258, 787 P.2d 1051, 1054 (1989). As we have stated above, the trial court erroneously certified the partial judgment as to

---

[14]DPC also argues the trial court abused its discretion when it imposed sanctions pursuant to Rule 11, Ariz. R. Civ. P., and struck DPC's response to the Walkers' motion for summary judgment and accompanying statement of facts because the facts it had alleged were true and the sanction, in any event, went "far beyond what was appropriate." Because we agree with the court's ruling on the motion for summary judgment, we need not address the merits of DPC's Rule 11 sanction argument.

Parsons as a final, appealable judgment pursuant to Rule 54(b), thus providing a basis for DPC's appeal. Therefore, we decline to impose attorney fees as a sanction in this case.

## Disposition

¶34        For the reasons set forth above, we dismiss DPC's appeal from the partial judgment in favor of Parsons and from the trial court's denial of the motion for a new trial for lack of jurisdiction and affirm the partial judgment in favor of the Walkers.

_____
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Judge


_____
J. WILLIAM BRAMMER, JR., Judge