

*EXHIBIT E*

George B. Nielsen, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NILES S. LIPIN, | ) | Case No. 2:11-26500-GBN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MARIE PIERRON, | ) | Case No. 2:11-26502-GBN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| THE ESTATE OF ROBERT W. | ) | Adversary No. 2:11-ap-02323-GBN |
| WALKER and EVE F. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NILES S. LIPIN and MARIE | ) | ORDER |
| PIERRON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Debtor's objection to the proof of claim of creditor Estate of Walker, filed in the administrative case, is overruled. Debtor's motion for summary judgment regarding plaintiff creditor's fraud complaint under 11 USC 523(a)(2) in this adversary is denied.

However, debtor's motion for summary judgment of dismissal of plaintiff's 523(a)(6) cause of action, including non

1  dischargeability of awarded costs and fees is granted.  The motion
2  is granted, given plaintiff's failure to make a more convincing
3  showing that summary judgment is inappropriate, after movant met
4  the burden of establishing by a preponderance of the evidence that
5  summary judgment was appropriate.

6          The court's complete ruling and reasoning is contained
7  in the attached transcript. The Clerk will file a copy of this
8  order in the administrative file.

9                              ORDERED ACCORDINGLY.

10

11
   Copies emailed this 18th day
12 of December, 2012, to:

13 Kevin R. Keating
   THE KEATING LAW FIRM PLC
14 7702 E. Doubletree Ranch Road #300
   Scottsdale, AZ 85258
15 Email: krk@keatingfirm.com
   Attorneys for The Estate of Robert W. Walker
16    and Eve F. Walker

17 Daniel A. Beatty
   DANIEL A. BEATTY, ATTORNEY AT LAW
18 8625 E. Belleview Place #1060
   Scottsdale, AZ 85257
19 Email: captbeatty@gmail.com
   Attorney for Defendant Niles S. Lipin
20
   Richard L. Strohm
21 Law Office of Richard L. Strohm
   11 W. Jefferson Street, 10th Floor
22 Phoenix, AZ 85003
   Email: rstrohm@strohmlaw.com
23 Special Counsel for Debtors

24 By:/s/Rachael M. Stapleton
          Judicial Assistant
25

26

27

28

Case 2:11-ap-02323-GBN    Doc 72    Filed 12/18/12    Entered 12/19/12 07:27:15    Desc
Case 2:11-ap-02323-GBN    Doc 160-3    Filed 06/10/16    Page Entered 06/10/16 23:00:47
Desc Exhibit E    Page 3 of 22

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NILES S. LIPIN, | ) | Case No. 2:11-26500-GBN |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MARIE PIERRON, | ) | Case No. 2:11-26502-GBN |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THE ESTATE OF ROBERT W. | ) | Adversary No. 2:11-ap-02323-GBN |
| WALKER and EVE F. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NILES S. LIPIN and MARIE | ) | |
| PIERRON | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

U.S. Bankruptcy Court
230 N. First Avenue
Phoenix, AZ 85003

November 26, 2012
2:14 p.m.

BEFORE THE HONORABLE GEORGE B. NIELSEN JR., Judge

APPEARANCES:

None

Proceedings recorded by electronic sound technician, Jo-Ann
Stawarski; transcript produced by AVTranz.

**AVTranz**
www.avtranz.com · (800) 257-0885

1        THE COURT:  The estate of Robert W. Walker and Eve F.

2   Walker filed a bankruptcy proof of claim, Docket Item 13, of

3   $1,040,832 based on rulings by the Pinal County Superior Court,

4   attached to the Walkers' proof of claim in the Chapter 11 case

5   of Niles Lipin.

6        Creditor also filed adversary proceeding 11-2323

7   seeking a declaration that this debt was nondischargeable in

8   bankruptcy.  Debtor Lipin filed an objection to the Walker

9   proof of claim and a motion for summary judgment seeking

10  dismissal of the adversary proceeding.  See adversary docket

11  item 41.

12       Creditor Walkers opposed the motion and objection.

13  Following oral argument, the matter was taken under advisement.

14  The Court is now ready to make the following ruling.

15       Summary judgment is appropriate only where there is

16  no genuine issue of material fact, and the moving party is

17  entitled to judgment as a matter of law.  In ruling, the

18  nonmoving party's evidence is believed.  All justifiable

19  inferences are drawn in that party's favor.

20       Movant bears the initial responsibility of informing

21  the Court of the basis for its motion and identifying those

22  pleadings, depositions, answers, interrogatories, admissions,

23  together with affidavits, which demonstrate the absence of a

24  genuine issue of material fact.

25       Once the moving party has met its burden, the

AVTranz
www.avtranz.com · (800) 257-0885

1   opposing party has the burden to come forward with a more

2   convincing showing that summary judgment is not appropriate.

3   See the Ninth Circuit Bankruptcy Appellate Panel's Coleman Oil

4   Company case, 190 Bankruptcy Reports 370 at 373.  The BAP

5   opinion was affirmed by the Ninth Circuit Court of Appeals at

6   127 F.3d 904.

7        The burden on the nonmoving party is more than to

8   show metaphysical doubt.  Although inferences drawn from the

9   underlying facts must be viewed most favorable to the party

10  opposing the motion, nonmovant must show the inference favoring

11  it is reasonable in light of competing inferences.

12        If the factual context renders a party's claim

13  implausible, that party must come forward with more persuasive

14  evidence to support their claim than would otherwise be

15  necessary.  See the Supreme Court's Zenith Radio Corporation

16  case, 106 Supreme Court Reporter 1348 at 1356 to 57.

17        This litigation centers on judgments awarded to the

18  Walkers in a long-running dispute in Pima County.  The Walkers

19  were awarded judgment on their third-party complaint against

20  Lipin and other parties asserting fraud, which entitled them to

21  a nondischargeable finding under § 523(a)(2), they assert.  The

22  Walkers were also awarded sanctions, which they assert entitle

23  them to a nondischargeability ruling under § 523(a)(6) of the

24  bankruptcy code.

25        Debtor attacks the judgments.  First, he asserts the

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 6 of 22

1  fraud judgment was time barred and thus there is a lack of
2  subject matter jurisdiction in the state court.

3  Second, the Walkers' judgment for $240,000 was for
4  "fraud and negligent misrepresentation" with no
5  differentiation. Negligent misrepresentation does not support
6  a fraud claim, Debtor argues.

7  Third, the issue of actual fraud was not litigated in
8  state court.

9  Fourth, the judgment makes no finding of willful or
10 malicious conduct when fees were assessed.

11 Fifth, the judgments were procured by mistake,
12 accident, or fraud and violated due process in violation of
13 Civil Rule 11.

14 Sixth, judgment was procured by fraud, mistake, or
15 accident, because there were numerous violations of the Arizona
16 Rules of Civil Procedure, including Arizona Rule 16(d), 58(d),
17 the fact that a limited liability company cannot represent
18 itself, that the judgment was not properly served after it was
19 signed by the Court, and notice of entry was not served on
20 Debtor.

21 Further, because Mr. Lipin was not served a copy of
22 the judgment of May 21st, 2010, he was deprived of the
23 opportunity to request a hearing regarding fair market value in
24 connection with foreclosure of certain property. As such, he
25 argues probable offsets were not explored.

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 7 of 22

1    Debtor's arguments all focus on one thing: The state
2    court judgments are allegedly void and should not be given
3    preclusive effect. The Supreme Court has clarified that
4    collateral estoppel may be applied by bankruptcy courts in the
5    context of dischargeability proceedings. See the Ninth
6    Circuit's Bugna decision, 33 F.3d, 1054 at 156.

7    However, the party seeking to assert collateral
8    estoppel has the burden of proving all requisite elements. A
9    party must introduce a record sufficient to reveal the
10   controlling facts and pinpoint the exact issues litigated. Any
11   reasonable doubt as to what was decided should be resolved
12   against allowing the collateral estoppel effect. See the Ninth
13   Circuit Bankruptcy Appellate Panel's Kelly decision, 182
14   Bankruptcy Reports 255 at 258.

15   In determining the collateral estoppel effect of a
16   state court judgment, federal courts must, as a matter of full
17   faith and credit, apply that state's law of collateral
18   estoppel. See the Bugna decision on page 1057.

19   This Court must, therefore, employ Arizona law to
20   determine if the default judgment is accorded collateral
21   estoppel effect. See the Bankruptcy Appellate Panel's
22   Nourbakhsh decision 162 Bankruptcy Reports 841, which was
23   affirmed by the Ninth Circuit at 67 F.3d 798.

24   The preclusive effect of a state court judgment in a
25   subsequent federal case generally is determined by the full

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 8 of 22

1  faith and credit statute, which provides state judicial
2  proceedings shall have the same full faith and credit in every
3  court within the United States as they have by law or usage in
4  the courts of such state.

5     Issue preclusion occurs when the issue to be
6  litigated was actually litigated in a prior proceeding, a final
7  judgment was entered, the party against whom the doctrine is to
8  be invoked had a full opportunity to litigate, the party
9  actually did litigate, and the issue was essential to a final
10  judgment.  In a second proceeding, a party should not be able
11  to relitigate the issue already decided.

12     However, in the case of a judgment entered by
13  default, issue preclusion is not usually applied, because none
14  of the issues are litigated.  Issue preclusion requires actual
15  litigation.  See the State Court of Appeals Circle K
16  Corporation decision, 880 P.2d 642 at 645, also a similar
17  Arizona Court of Appeals decision, Weber 60 P.3d 224 at 229,
18  and the Chaney Building Company case, 716 P.2d 28 at 30.

19     Finally, under Arizona law, summary judgment entered
20  by the Court after it decides the merits as a matter of law and
21  essentially disposing of the entire action is no different than
22  a judgment entered following a jury verdict, bench trial, or
23  directed verdict.  Like a judgment rendered after formal trial,
24  a summary judgment on the merits may preclude relitigation of
25  the issues and claims under collateral estoppel and res

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 9 of 22

1  judicata.  See the Arizona Court of Appeals Valenzuela decision

2  919 P.2d 1376 at 1379, also another Arizona Court of Appeals

3  decision, Cigna Property and Casualty Companies, 837 P.2d 1154

4  at 1157.

5       Federal courts have nonetheless applied collateral

6  estoppel to a default judgment where the losing party has had a

7  full and fair opportunity to participate in the previous

8  litigation, but has engaged in serious obstructive conduct

9  resulting in a default judgment.  See the Ninth Circuit's Daily

10  decision, 47 F.3d 365 at 368.

11       Our own Arizona District Court has also concluded it

12  is permissible to apply collateral estoppel to a

13  nondischargeability action, even though Debtor filed an

14  untimely response to summary judgment in the underlying state

15  court action.  See the district court Bell decision, 2008 WL 22

16  77875.  The district court there noted in part:

17       "Appellants actually litigated the state court

18       proceeding.  They participated in the case,

19       attended hearings, were represented by counsel,

20       were fully aware of appellee's motion for

21       summary judgment, and had a fair opportunity

22       under Arizona procedures to contest the motion.

23       "The state court order is not akin to a default

24       judgment.  The Court entered a detailed summary

25       judgment order on the merits in a contested

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 10 of 22

1          proceeding where appellants participated and

2          were represented by counsel."

3 Collateral estoppel, the district court found, was proper.  See

4 Bell at page five.

5          In the present case, the collateral attack on the

6 Walker judgments by Debtor, falls short for three reasons.

7 First, movant filed a state court Rule 60(c)(4) motion,

8 claiming the judgments were void.  The motion was denied.

9 Debtor appealed.

10          However, Debtor since obtained stay relief from this

11 court in order to dismiss his appeal.  That relief was granted

12 and the appeal has since been dismissed pursuant to

13 stipulation.  See the exhibit to Docket 193 in the

14 administrative case.  So, the movant voluntarily relinquished

15 an opportunity in the appellate court system to establish the

16 alleged voidness of the Walker judgment that is currently being

17 argued.

18          Second, movant did file a separate appeal on the

19 merits of the state court summary judgment rulings and lost on

20 the merits.  See Parsons Company Incorporated, 2011 WL 1643168.

21 There, the state Court of Appeals noted in part,

22          "Consistent with our previous conclusions, we

23          find no merit to appellant's argument.  The

24          trial court properly concluded that there was no

25          genuine issue of material fact as to whether the

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 11 of 22

1        Walkers had breached the contract or committed

2        fraud.

3        Appellant admitted that that it willingly had

4        withheld payment resulting in its default on the

5        promissory notes.  Accordingly, there was no

6        issue of material fact as to the nature of

7        Walkers' damages.  We find the court did not err

8        when it granted summary judgment in favor of the

9        Walkers on their fraud and negligent

10       misrepresentation claims."

11  See the Parsons decision at page eight.

12       Additionally, the state Court of Appeals addressed

13  movant's argument concerning the trial court striking the

14  Debtor's response to the Walkers' summary judgment.  Implicit

15  in the court's finding was that the Trial Court, in fact,

16  considered appellant's arguments and evidence on deciding the

17  motion on the merits:

18       "We, therefore, also consider the evidence

19       submitted by appellant available to the trial

20       court at the time of the summary judgment

21       adjudication."

22  See the Parsons case at page six, footnote ten.

23       The State trial court also explained its reason for

24  striking the response, in part, as follows:

25       "The Court does find that the response does not

AVTranz
www.avtranz.com · (800) 257-0885

1        meet Rule 11 standards.  Representations in the

2        statement of facts, particularly as to the

3        guarantee, is acknowledged by counsel as not

4        true.  It is not the Court's obligation,"

5   the state court continued,

6        "...to parse and to pick out from the

7        controverting statement of fact what can be

8        relied on and what cannot be relied on.  A

9        response that does not meet Rule 11 standards in

10       any part is appropriate to strike."

11  See the transcript of ruling at pages 33 and 34, which is

12  Exhibit 2 to the Walkers response to the Debtor's objection to

13  its proof of claim.

14       Third, movants raise similar arguments in their

15  Arizona district court complaint and lost there as well.  See

16  Arizona District Court action 11-1599.  In dismissing

17  Plaintiff's first amended complaint, Chief District Judge

18  Silver focused in part on the Rooker-Feldman doctrine.  Federal

19  courts, she found, lacked jurisdiction to review state court

20  orders for judgments.

21       The Rooker-Feldman doctrine applies to cases brought

22  by state court losers inviting court review and rejection of

23  the state court judgments.  Federal courts may not serve as

24  appellate tribunals to review errors allegedly committed by

25  state courts.  See the order entered by the court at Docket 154

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 13 of 22

1   in district court action 11-1599, an order that dismissed

2   debtor's complaint with prejudice.

3        Now, after having filed an unsuccessful Civil Rule

4   60(c)(4) motion, losing on appeal on the merits, and taking an

5   unsuccessful route through the district court, movant has had

6   ample opportunity to collaterally and directly attack the

7   judgments.  There is no reason why an additional attack should

8   be allowed in bankruptcy court.

9        Instead, this court will look to the judgments

10  themselves to determine if they can form a basis for

11  nondischargeability.  Accordingly, the Debtor's argument of

12  alleged voidness of the judgments is rejected.  For the same

13  reasons, the Debtor's objection to the Walker proof of claim is

14  overruled, as containing the same arguments.

15       In regard to the nondischargeability aspects of the

16  motion, the first issue is fraud.  The Ninth Circuit focused on

17  11 USC § 523(a)(2)(A) in its Sabban decision, 600 F.3d 1219.

18  The Circuit stated in part that § 523(a)(2)(A)of the bankruptcy

19  code prohibits discharge of any enforceable obligation for

20  money, property, services, or credit to the extent obtained by

21  fraud, false pretenses, or false representations.  Creditor

22  bears the burden of proving the applicability of § 523(a)(2)(A)

23  by a preponderance of the evidence.  Id.

24       Making out a claim of nondischargeability under

25  § 523(a)(2)(A) requires Creditor to demonstrate five elements:

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Page Entered 06/10/16 23:00:47
Desc Exhibit E   Page 14 of 22

1   Debtor made representations; at the time he knew they were

2   false; he made them with the intention and purpose of deceiving

3   Creditor; Creditor relied on such representations; and Creditor

4   sustained loss and damage as the proximate result of the

5   misrepresentations.

6          It is unlikely Congress would have favored giving

7   perpetrators of fraud a fresh start over the interest in

8   protecting victims of fraud.  See Sabban at pages 1222 to 23.

9          Reckless disregard for the truth of a representation

10  satisfies the element that Debtor has made an intentionally

11  false representation.  See the Bankruptcy Appellate Panel's

12  Kong decision 239 Bankruptcy Reports 815 at 826, "Where intent

13  is at issue, summary judgment is seldom granted."

14         However, summary judgment is appropriate if all

15  reasonable inferences defeat the claims of one side, even when

16  intent is at issue.  See the BAP's Gertsch decision, 237

17  Bankruptcy Reports 160 at 167.  The knowledge requirement is

18  established by showing either actual knowledge of the falsity

19  of a statement or reckless disregard for its truth.  See

20  Gertsch at page 167.  Intent to deceive can be inferred from

21  the totality of circumstances, including reckless disregard for

22  the truth.  A misrepresentation is fraudulent if the maker does

23  not have the confidence in the accuracy of his representation

24  that he states or implies, or knows he does not have the basis

25  for his representation that he states or implies.

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 15 of 22

1          A representation may be fraudulent without knowledge

2    of its falsity if the person making it is conscious he has

3    merely a belief in its existence and recognizes there is a

4    chance, more or less great, that the fact may not be as

5    represented.  See 237 Bankruptcy Reports at 167.

6          As to false representation, silence or omissions

7    concerning a material fact can constitute a false

8    representation under § 523(a)(2)(A) when there is a duty to

9    disclose.  See the Ninth Circuit Eashai decision, 87 F.3d 1082

10   at 1089.

11         Creditor's reliance need only be justifiable and not

12   reasonable.  See the Ninth Circuit Apte decision 96 F.3d 1319

13   at 1322.

14         Under Arizona law, a civil claim for fraud is

15   established by showing a tortfeasor made a false and material

16   misrepresentation with knowledge of its falsity or ignorance of

17   its truth with intent that the hearer would act on the

18   representation in a reasonably contemplated manner, and the

19   hearer, ignorant of the falsity, rightfully relied on the

20   representation and was thereby damaged.  See the Arizona Court

21   of Appeals Dawson decision, 163 P.3d 1034 at 1046.

22         These standards under state law substantially mirror

23   the elements for fraud pursuant to § 523(a)(2)(A) and,

24   accordingly, it is appropriate to apply collateral estoppel to

25   this adversary proceeding.

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 16 of 22

1         In the present case, the Walkers' cross claims

2  included Counts V for fraud and VI for negligent

3  misrepresentation on what appears to be essentially the same

4  alleged misconduct. The state court entered summary judgment

5  as to both, finding no disputed material facts. See the order

6  on page 12 attached to the complaint as Exhibit 1. Damages

7  were to be determined at a separate hearing. See the order at

8  page 13.

9         In a separate judgment, the Court assessed damages of

10  $771,621.60 and $20,802 in fees as a, "result of the fraud and

11  negligent misrepresentation." See the complaint at Exhibit 3.

12         As noted by the state Court of Appeals, the issue

13  raised by appellant was whether the fraud and misrepresentation

14  was the proximate cause of injury. See the Parsons Company

15  case at page eight. The Court of Appeals affirmed there was no

16  genuine issue of fact that these elements were met.

17         The movant argues that because fraud and negligent

18  misrepresentation were both cited in the judgments, the claim

19  is dischargeable. The trial court found the Walkers had

20  established both the fraud and negligent misrepresentation

21  counts. Fraud is clearly nondischargeable. The notion there

22  was a failure to apportion damages between the two counts is

23  not an issue, because both claims were based on identical

24  evidence.

25         Accordingly, the Court will deny the Debtor's motion

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 17 of 22

1   for summary judgment as to the effect of the judgment on the

2   fraud claims.

3           The Debtor also moved for summary judgment regarding

4   the Creditor's § 523(a)(6) allegations in its complaint.

5   Section 523(a)(6) of the bankruptcy code provides in part, "A

6   discharge does not discharge an individual from any debt for

7   willful and malicious injury by Debtor to another."  The

8   Supreme Court has held that the word "willful" in the statute

9   modifies the word "injury" and indicates that

10  nondischargeability takes a deliberate or intentional injury,

11  not merely a deliberate or intentional act that leads to

12  injury.  See the Supreme Court's Geiger decision 118 Supreme

13  Court Reporter, 974, 977.

14          Debts arising from recklessly or negligently

15  inflicted injuries do not fall within § 523(a)(6).  See Geiger

16  at page 978.  Section (a)(6) triggers intentional torts as

17  distinguished from negligent or reckless torts.  Intentional

18  torts generally require that the actor intend the consequences

19  of an act and not simply the act itself.

20          The standard of proof in a 523(a)(6) action is

21  preponderance of the evidence.  See the Ninth Circuit Court's

22  Sicroff decision, 401 F.3d 1101 at 1106.

23          Section 523 (a)(6)'s willful injury requirement is

24  met only when the Debtor has a subjective motive to inflict

25  injury or when Debtor believes that injury is substantially

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 18 of 22

1   certain to result from his own conduct.  Debtor is charged with

2   the knowledge of the natural consequences of his actions.

3          In addition to what Debtor may admit to knowing, the

4   bankruptcy court may consider circumstantial evidence that

5   tends to establish what Debtor must have actually known when

6   taking the injury-producing action.  See the Ninth Circuit's

7   Ormsby decision at 591 F.3d 1199 at 1206.

8          The malicious injury requirement is separate from the

9   willful injury requirement.  Conflating the two requirements is

10  grounds for reversal.  See the Ninth Circuit Barbosa decision,

11  545 F.3d 702 at 706.

12         A malicious injury involves a wrongful act done

13  intentionally, which necessarily causes injury and is done

14  without just cause or excuse.  Malice may be inferred based on

15  the nature of the wrongful act.  See the Ormsby decision at

16  page 1207.  Here, the state court awarded attorney's fees of

17  $451,433 plus supplemental fees of $20,802 as additional

18  damages.  However, respondent creditor did not establish and it

19  is unclear to this court that the fee awards were imposed by

20  reason of the same underlying conduct that precluded discharge

21  of the fraud judgment.  c.f. In re Suarez, 400 B.R. 732, 738-39

22  (9th Cir. BAP 2009).  Accordingly, the awards can only be

23  declared nondischargeable by a clear showing that they were

24  imposed by the court for a reason that independently is

25  excepted from discharge.

AVTranz
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Main Document   Generic Order   Page 19 of 20
Case 2:11-ap-02323-GBN   Doc 160-5   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 19 of 22

1    In addition, the court ordered that these fee amounts

2  were awarded against the Debtor for having brought and defended

3  his claims without substantial justification solely or

4  primarily for delay or harassment, and unreasonably expanded

5  and delayed the proceedings beyond six years in direct

6  violation of ARS 12-349 and 12-341.01(c).

7    As noted by the Arizona Court of Appeals, ARS

8  12-349(a) provides in part that:

9      "A court shall assess reasonable attorney's fees

10     against a party who brings or defends a claim

11     without substantial justification or primarily

12     for delay or harassment, unreasonably expands or

13     delays the proceeding, or engages in abuse of

14     discovery."  (Emphasis added).

15  See § 12-349(a).  See also the Arizona Court of Appeals Santa

16  Cruz County case, 2011 West.Law 1207 618.

17    The statute requires that the action be groundless,

18  harassing and in bad faith for fees to be awarded.  See the

19  Arizona Court of Appeals Phoenix Newspapers case, 934 P.2d 801

20  at 807.

21    Separately, 12-341.01(c) provides in part:

22     "The Court shall award reasonable attorney's

23     fees in any contested action upon clear and

24     convincing evidence that the claim or defense

25     constitutes harassment, is groundless, and is

**AVTranz**
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Desc Exhibit E   Page 20 of 22

1    not made in good faith.  The Court may consider

2    any evidence it deems appropriate."

3        As to the elements of willful and malicious intent,

4  Creditor Walkers, in their response to the summary judgment

5  motion, provide very little evidence or case law to support

6  their assertion that the fee award based on the Arizona

7  statutes constitute willful and malicious behavior by a

8  preponderance of the evidence.  By contrast, the Debtor has the

9  better argument, and I believe the Debtor's motion for summary

10  judgment should be granted as to Plaintiff's 523 (a)(6), cause

11  of action, based on Plaintiff's inadequate response.

12        This completes the ruling and adversary proceeding

13  11-2323.

14      (Proceedings Concluded)

15

16

17      I certify that the foregoing is a correct transcript from

18  the record of proceedings in the above-entitled matter.

19

20  Dated: December 4, 2012

21                                    AVTranz, Inc.
                                      845 North 3rd Avenue
22                                    Phoenix, AZ  85003

23

24

Case 2:11-ap-02323-GBN   Doc 72   Filed 12/18/12   Entered 12/19/12 07:27:15   Desc
Case 2:11-ap-02323-GBN   Doc 160-3   Filed 06/10/16   Entered 06/10/16 23:00:47
Main Document   Page 20 of 25
Desc Exhibit E   Page 21 of 22

# Notice Recipients

District/Off: 0970−2          User: aguilara          Date Created: 12/19/2012
Case: 2:11−ap−02323−GBN       Form ID: pdf008         Total: 3

**Recipients of Notice of Electronic Filing:**
aty    DANIEL A. BEATTY         captbeatty@gmail.com
aty    KEVIN R. KEATING         krk@keatingfirm.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
       RICHARD STROHM      LAW OFFICE OF RICHARD STROHM      11 W. JEFFERSON STREET, 10TH
       FLOOR        PHOENIX, AZ 85003

TOTAL: 1